WILLIAM R. HILL, #114954
rhill@donahue.com
NOAH R. DRAKE, #313596
ndrake@donahue.com
DONAHUE FITZGERALD LLP
Attorneys at Law
1999 Harrison Street, 25th Floor
Oakland, California  94612-3520

Telephone:  (510) 451-3300
Facsimile:   (510) 451-1527

Attorneys for Plaintiff
IMAGIZE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAGIZE LLC, a California limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>ATEKNEA SOLUTIONS HUNGARY KFT, a Hungarian limited liability company; AERO GLASS, INC., a Delaware corporation; and AKOS MAROY, an individual,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(1) COPYRIGHT INFRINGEMENT;<br><br>(2) TRADE SECRET MISAPPROPRIATION (18 U.S.C. §§ 1836, et seq.);<br><br>(3) TRADE SECRET MISAPPROPRIATION (Civ. Code §§ 3426, et seq.);<br><br>(4) BREACH OF CONTRACT;<br><br>(5) BREACH OF NON-DISCLOSURE AGREEMENT;<br><br>(6) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND<br><br>(7) DECLARATORY RELIEF.<br><br>**JURY TRIAL DEMANDED** |

#4846-7243-4013.4

Plaintiff IMAGIZE LLC ("Imagize") by and through its legal counsel, Donahue Fitzgerald LLP, hereby complains against Defendants ATEKNEA SOLUTIONS HUNGARY KFT, a Hungarian limited liability company ("Ateknea"), AERO GLASS, INC., a Delaware corporation ("Aero Glass"); and AKOS MAROY, an individual (collectively, "Defendants") as follows:

## JURISDICTION AND PARTIES

1. This is an action for infringement under the Copyright Act of 1976, Title 17 U.S.C. §§ 101 et seq., the Defend Trade Secrets Act, 18 U.S.C. §§ 1836 et seq., and for related claims under California law, as hereinafter more fully appears.

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 1338(b), 1367(a), and 18 U.S.C. § 1836(c). A substantial number of the claims asserted herein arose in this judicial district, and Plaintiff and all of the Defendants do business in this judicial district.

3. Plaintiff Imagize is a California limited liability company.

4. Upon information and belief, Defendant Ateknea is a limited liability company formed under the laws of Hungary.

5. Upon information and belief, Defendant Aero Glass is a Delaware corporation.

6. Upon information and belief, Defendant Akos Maroy is an individual of Hungarian nationality and one of the founders of Aero Glass.

7. Plaintiff and, upon information and belief, Defendants are merchants engaged in the sale of electronics and software.

8. Imagize is informed and believes and thereon alleges that each and every defendant herein named is responsible in some manner for the facts, occurrences, and liabilities hereinafter alleged. Imagize is further informed and believes and thereon alleges that at all times herein mentioned each of the defendants was the agent, servant, partner, representative, or employee of each and every remaining defendant and was at all times acting within the purpose and scope

of said agency, servitude, partnership, representation, and/or employment and with the permission and consent of the other defendants, and each of them.

## GENERAL ALLEGATIONS

9. This case arises out of a Mutual Non-Disclosure Agreement entered into between Imagize and Aero Glass on May 24, 2016 ("NDA"), and a Professional Services Agreement for certain development and customization services, sales, and licenses entered into on October 11, 2016 in Berkeley, California between Imagize and Ateknea ("PSA").

10. Imagize has created, and owns, sells, and licenses, software, hardware, firmware, and manufacturing documents in connection with hardware deliverables, collectively known as the "Product", used by companies in the business of image processing.

11. The Product contains material wholly original to Imagize, and is copyrightable subject matter under the laws of the United States. On January 17, 2018 and February 2, 2018, Imagize submitted two copyright registration applications in the Product with the U.S. Copyright Office, registrations of which are currently pending before the U.S. Copyright Office.

12. Imagize has been the proprietor of the copyright in the Product since its creation, and it is duly possessed of all rights, title and interests therein.

13. Pursuant to the PSA and protected by the NDA, Imagize provided a number of physical items, documents, and technical information to Defendants, including but not limited to, the Product.

14. On or around August 2017, the parties had disagreements over the services and licenses provided for in the PSA and repeated efforts were made to resolve these differences, but ultimately were unsuccessful.

15. On or around October 18, 2017, Ateknea purported to terminate the PSA for alleged breach of the PSA by Imagize.

16. On or around November 10, 2017, Imagize sent a demand letter to

Ateknea and Aero Glass seeking, among other things, payment of approximately $118,000 for Imagize's performance thus far under the PSA.

17. On information and belief, Mr. Maroy, individually and as agent for Aero Glass and Ateknea, disclosed Imagize's confidential information, intellectual property, and trade secrets, in violation of the PSA and NDA, to third parties, including but not limited to, Euro Circuits, a manufacturer located in the E.U., in an attempt to engage such third parties to do manufacturing based on Imagize's confidential information and intellectual property.

## **FIRST CLAIM FOR RELIEF**

### **Copyright Infringement**

### **(By Plaintiff Against All Defendants)**

18. Imagize restates and incorporates herein by this reference each and all of the allegations in paragraphs 1 through 17 of this Complaint as though those allegations have been fully set forth herein.

19. Imagize duly submitted two applications to register a copyright in the Product. By statute, copyright protection for the Product subsists from its creation and is protected by law.

20. On information and belief, Imagize's Product was and is currently being incorporated and used by Defendants without Imagize's authorization.

21. With full knowledge of Imagize's rights therein, Defendants have infringed and continue to infringe on Imagize's copyrights in and relating to the Product by copying and using those copies without Imagize's authorization, and incorporating the proprietary technology into derivative products and services without Imagize's authorization.

22. Defendants' past and continuing infringement constitutes a willful and deliberate infringement of Imagize's rights and is causing irreparable harm and damage to Imagize.

23. Imagize is entitled to an injunction restraining Defendants, their agents

1   and employees and all persons acting in concert with them, from engaging in
2   further acts in violation of copyright laws.

3   24.   Imagize is entitled to recover from Defendants the damages it has sustained and will sustain as a result of Defendants' wrongful acts, to be proven at trial. Imagize is further entitled to recovery from Defendants the gains, profits, and advantages they have obtained as a result of their wrongful acts as alleged above.

25.   In the alternative, pursuant to 17 U.S.C. § 504(c), Imagize is entitled to receive the maximum amount of statutory damages for willful copyright infringement of the Product, for a total statutory award to be proven at trial.

## SECOND CLAIM FOR RELIEF

### Trade Secret Misappropriation (18 U.S.C. §§ 1836, *et seq.*)

### (By Plaintiff Against All Defendants)

26.   Imagize restates and incorporates herein by this reference each and all of the allegations in paragraphs 1 through 25 of this Complaint as though those allegations have been fully set forth herein.

27.   At all relevant times, Defendants were in possession of certain of Imagize's valuable information related to the Product, including but not limited to, formulas, patterns, compilations, programs, devices, methods, techniques, and processes not generally known to the public ("Trade Secrets"). Imagize's Trade Secrets are protected by the Defend Trade Secrets Act, 18 U.S.C. §§ 1836, et seq. because they are trade secrets related to a product or service used in, or intended for use in, interstate or foreign commerce.

28.   Imagize's Trade Secrets had and have substantial economic value to Imagize in that those materials and information have afforded and continue to afford Imagize an advantage in its efforts to compete in the marketplace, to secure contracts with new customers, to maintain its relationships with its existing customers (many of which continue to do business with Imagize unless otherwise interfered with), and to maintain its relationships with its employees.

29. Via their position with Imagize, as well as the execution of the NDA and PSA, Defendants were aware: (a) of the existence of Imagize's Trade Secrets; (b) that Imagize owned Imagize's Trade Secrets; (c) of their obligation to maintain Imagize's Trade Secrets in strict confidence; (d) of their obligation to not use or disclose any of Imagize's Trade Secrets to any person or business other than for Imagize's use and benefit; (e) of their obligation neither to use nor disclose any of Imagize's Trade Secrets even after the end of their contractual relationship with Imagize; and (f) that Imagize had granted Defendants access to Imagize's Trade Secrets only so that they could efficiently and effectively perform their responsibilities for Imagize under the NDA and PSA.

30. Defendants misappropriated Imagize's Trade Secrets by disclosing and using the same for their own use and benefit and for the use and benefit of Imagize's competitors, all while Defendants knew that: (a) they had acquired Imagize's Trade Secrets under circumstances giving rise to a duty to maintain the secrecy thereof; and (b) as concerns Imagize's Trade Secrets, they had kept and acquired Imagize's Trade Secrets by improper means.

31. As a proximate result of Defendants' disclosure and use of certain of Imagize's Trade Secrets in a concerted effort to compete directly with Imagize and assist competitors in gaining market share with Imagize's actual and prospective customers, Imagize has suffered actual damages by virtue of lost profits on contracts with prospective customers.

32. Imagize is informed and believes, and based thereon alleges, that Defendants' misappropriation of certain of Imagize's Trade Secrets was and continues to be willful and malicious in that: (a) Defendants undertook their course of conduct complained of herein with the specific intent to facilitate the creation of a new business line to compete directly with Imagize and with the knowledge and understanding that his course of conduct violated the NDA; and (b) Defendants have a history of having wrongfully benefitted themselves at the expense of

Imagize. Imagize is therefore entitled to exemplary damages and an award of its reasonable attorneys' fees.

33. Defendants' wrongful conduct in connection with their misappropriation of Imagize's Trade Secrets, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Imagize's business and ability to attract and retain customers in that Imagize has already lost valuable potential contracts as a result of Defendants' misappropriation and is continuing to lose such contracts.

34. Imagize has no adequate remedy at law for its injuries currently being suffered or injuries it will suffer due to Defendants' continued use of Imagize's Trade Secrets. Unless enjoined or restrained, Defendants will continue to use Imagize's Trade Secrets and Imagize would be required to maintain a multiplicity of judicial proceedings to protect its interests.

## **THIRD CLAIM FOR RELIEF**

**Trade Secret Misappropriation (Civ. Code §§ 3426, *et seq.*)**

**(By Plaintiff Against All Defendants)**

35. Imagize restates and incorporates herein by this reference each and all of the allegations in paragraphs 1 through 34 of this Complaint as though those allegations have been fully set forth herein.

36. At all relevant times, Defendants were in possession of Imagize's Trade Secrets.

37. Imagize's Trade Secrets had and have substantial economic value to Imagize in that those materials and information have afforded and continue to afford Imagize an advantage in its efforts to compete in the marketplace, to secure contracts with new customers, to maintain its relationships with its existing customers (many of which continue to do business with Imagize unless otherwise interfered with), and to maintain its relationships with its employees.

38. Via their position with Imagize, as well as the execution of the NDA

and PSA, Defendants were aware: (a) of the existence of Imagize's Trade Secrets; (b) that Imagize owned Imagize's Trade Secrets; (c) of their obligation to maintain Imagize's Trade Secrets in strict confidence; (d) of their obligation to not use or disclose any of Imagize's Trade Secrets to any person or business other than for Imagize's use and benefit; (e) of their obligation neither to use nor disclose any of Imagize's Trade Secrets even after the end of their contractual relationship with Imagize; and (f) that Imagize had granted Defendants access to Imagize's Trade Secrets only so that they could efficiently and effectively perform their responsibilities for Imagize under the NDA and PSA.

39.     Defendants misappropriated Imagize's Trade Secrets by disclosing and using the same for their own use and benefit and for the use and benefit of Imagize's competitors, all while Defendants knew that: (a) they had acquired Imagize's Trade Secrets under circumstances giving rise to a duty to maintain the secrecy thereof; and (b) as concerns Imagize's Trade Secrets, they had kept and acquired Imagize's Trade Secrets by improper means.

40.     As a proximate result of Defendants' disclosure and use of certain of Imagize's Trade Secrets in a concerted effort to compete directly with Imagize and assist competitors in gaining market share with Imagize's actual and prospective customers, Imagize has suffered actual damages by virtue of lost profits on contracts with prospective customers.

41.     Imagize is informed and believes, and based thereon alleges, that Defendants' misappropriation of certain of Imagize's Trade Secrets was and continues to be willful and malicious in that: (a) Defendants undertook their course of conduct complained of herein with the specific intent to facilitate the creation of a new business line to compete directly with Imagize and with the knowledge and understanding that his course of conduct violated the NDA; and (b) Defendants have a history of having wrongfully benefitted themselves at the expense of Imagize. Imagize is therefore entitled to punitive damages and an award of its

1    reasonable attorneys' fees.

2    42.   Defendants' wrongful conduct in connection with their
3    misappropriation of Imagize's Trade Secrets, unless and until enjoined and
4    restrained by order of this Court, will cause great and irreparable injury to
5    Imagize's business and ability to attract and retain customers in that Imagize has
6    already lost valuable potential contracts as a result of Defendants' misappropriation
7    and is continuing to lose such contracts.

8    43.   Imagize has no adequate remedy at law for its injuries currently being
9    suffered or injuries it will suffer due to Defendants' continued use of Imagize's
10   Trade Secrets. Unless enjoined or restrained, Defendants will continue to use
11   Imagize's Trade Secrets and Imagize would be required to maintain a multiplicity
12   of judicial proceedings to protect its interests.

## FOURTH CLAIM FOR RELIEF

### Breach of Contract

### (By Plaintiff Against Defendant Ateknea)

16   44.   Imagize restates and incorporates herein by this reference each and all
17   of the allegations in paragraphs 1 through 43 of this Complaint as though those
18   allegations have been fully set forth herein.

19   45.   Imagize has at all times performed all of its obligations under the
20   terms of the PSA between Imagize and Ateknea or such obligations have been
21   waived or excused by the words or conduct of Ateknea.

22   46.   Ateknea has breached the terms and provisions of the PSA between
23   Imagize and Ateknea as a result of: failing to pay Imagize for services performed
24   and deliverables provided to Ateknea under the agreement; disclosing confidential
25   information without authorization; and disclosing, reproducing, and using
26   Imagize's software and deliverables without authorization.

27   47.   As a result of Ateknea's breaches, Imagize has suffered and will suffer
28   damages, including lost profits, lost product support, loss of necessary development

tools, and lost reputation and goodwill.

48. As a direct and proximate result of Ateknea's breaches, Imagize has been damaged and will be damaged in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

### Breach of Non-Disclosure Agreement

### (By Plaintiff Against Defendant Aero Glass)

49. Imagize restates and incorporates herein by this reference each and all of the allegations in paragraphs 1 through 48 of this Complaint as though those allegations have been fully set forth herein.

50. Imagize has at all times performed all of its obligations under the terms of the NDA between Imagize and Aero Glass or such obligations have been waived or excused by the words or conduct of Aero Glass.

51. Under the NDA, Aero Glass agreed not to disclose the following: any and all technical and non-technical information relating to Imagize's camera technology and related circuit boards, image processing, and sensor fusion technology and including but not limited to its patent applications, trade secrets, and proprietary information, techniques, sketches, drawings, works of authorship, models, inventions, know-how, processes, apparatuses, equipment, algorithms, firmware, software programs, software and firmware source documents, and formulae related to the current, future, and proposed products and services of Imagize, and including, without limitation, information concerning research, experimental work, development, design details and specifications, engineering, financial information, procurement, requirements, purchasing, manufacturing, customer lists, investors, employees, business and contractual relationships, business forecasts, and sales and marketing plans ("Confidential Information").

52. Aero Glass has breached the terms and provisions of the NDA between Imagize and Aero Glass as a result of disclosing Confidential Information to third parties without authorization.

53.  As a result of Aero Glass's breaches, Imagize has suffered and will suffer damages, including lost profits, lost reputation and goodwill, and additional costs to launch new products.

54.  Aero Glass's breaches of the NDA have caused and continue to cause irreparable harm and damage to Imagize.

55.  As a result of Aero Glass's breaches, Imagize is entitled to an injunction restraining Defendants, their agents and employees and all persons acting in concert with them, from using in any manner, or disclosing to any person or entity, any of Imagize's Confidential Information.

56.  As a direct and proximate result of Aero Glass's breaches, Imagize has been damaged and will be damaged in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### Breach of Implied Covenant of Good Faith and Fair Dealing
### (By Plaintiff Against Defendants Ateknea and Aero Glass)

57.  Imagize restates and incorporates herein by this reference each and all of the allegations in paragraphs 1 through 56 of this Complaint as though those allegations have been fully set forth herein.

58.  Ateknea and Aero Glass owed a duty of good faith and fair dealing to Imagize—a duty implied in the various contracts between Defendants and Imagize and in their course of dealing, and by Imagize's justifiable reliance on Defendants' repeated representations. The duty of good faith and fair dealing required Ateknea and Aero Glass to refrain from taking any action that would deprive Imagize of the benefits to which it was entitled under the NDA and PSA, and the other contracts, both oral and written, existing between the parties.

59.  Imagize is informed and believes, and alleges, that Ateknea and Aero Glass acted in bad faith by engaging in inherently deceptive conduct in a calculated attempt to circumvent and defeat the terms and purpose of the above-mentioned agreements

60. As a direct and proximate result of Defendants' conduct, Imagize has been damaged and will be damaged in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF

### Declaratory Relief

### (By Plaintiff Against All Defendants)

61. Imagize restates and incorporates herein by this reference each and all of the allegations in paragraphs 1 through 60 of this Complaint as though those allegations have been fully set forth herein.

62. There are conflicting positions over the parties' respective rights and obligations arising from the PSA and NDA.

63. There now exists a controversy over whether: Defendants infringed Imagize's copyright in the Product; Defendants misappropriated Imagize's Trade Secrets; Ateknea breached the PSA; and Aero Glass breached the NDA.

64. Imagize desires a judicial determination of the respective rights of the parties. In particular, Imagize desires a declaration that: Defendants infringed Imagize's copyright in the Product; Defendants misappropriated Imagize's Trade Secrets; Ateknea breached the PSA; and Aero Glass breached the NDA.

65. Such a declaration is necessary and appropriate at this time in order for Imagize to ascertain its rights and duties with respect to the Product, PSA, and NDA. The declaratory relief sought herein would serve a useful purpose in clarifying the legal relations at issue.

## PRAYER FOR RELIEF

WHEREFORE, Imagize seeks relief as follows:

### On the First Claim for Relief:

1. For a preliminary injunction enjoining and restraining Defendants and their agents, servants, employees, successors and assigns, and all other persons acting in concert or conspiracy with Defendants or affiliated with Defendants, from:

   a. Copying, reproducing, distributing, creating a derivative work

from, or using any portion of the Product;

    b.    Otherwise infringing Imagize's copyrights in the Product; and

    c.    Making any distribution incorporating the Product;

2.    For a permanent injunction making permanent the orders requested in paragraphs 1(a) through 1(c) of this Prayer for Relief;

3.    For an order requiring Defendants to serve on Imagize within thirty (30) days after service of an injunction a report, in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

4.    For an order requiring impoundment and disposition of all infringing Product in Defendants' possession or control.

5.    For either: (a) actual damages in an amount to be determined at trial, including reputational damages, together with the profits derived from Defendants' infringement of Imagize's copyright or (b) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504 of the maximum for willful infringement ($150,000 per work), at Imagize's election before the entry of a final judgment;

6.    For reasonable attorneys' fees pursuant to 17 U.S.C. §§ 505 and 1203(b);

7.    For costs of suit incurred ;

8.    For pre-judgment interest as allowed by law; and

9.    For such other and further relief as it deems just and proper.

**On the Second Claim for Relief:**

1.    For a preliminary injunction pending the outcome of this action requiring Defendants and all persons and entities acting under, in concert with, or for Defendants to refrain from:

    a.    Using in any manner, or disclosing to any person or entity, any of Imagize's Trade Secrets; and

      b.    Destroying or deleting any of Imagize's Trade Secrets so that Imagize can conduct adequate discovery as part of this action into the extent of Defendants' liability for having wrongfully taken and used certain Imagize's Trade Secrets;

2.    For a permanent injunction requiring Defendants and all persons and entities acting under, in concert with, or for Defendants to:

      a.    Permanently refrain from using in any manner, or disclosing to any person or entity, any of Imagize's Trade Secrets; and

      b.    Return to Imagize all copies and iterations in his possession, custody, or control of any of Imagize's Trade Secrets, and to thereafter delete all references to such information from any electronic storage or hardcopies in Defendants' possession or control.

3.    For actual damages in an amount to be proven at trial;

4.    For damages for any unjust enrichment caused by Defendants' misappropriation of Imagize's Trade Secrets;

5.    For damages caused by Defendants' misappropriation of Imagize's Trade Secrets measured by imposition of liability for a reasonable royalty for Defendants' unauthorized disclosure or use of Imagize's Trade Secrets;

6.    For exemplary damages pursuant to 18 U.S.C. § 1836(b)(3)(C);

7.    For reasonably attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D).

**On the Third Claim for Relief:**

1.    For a preliminary injunction pending the outcome of this action requiring Defendants and all persons and entities acting under, in concert with, or for Defendants to refrain from:

      a.    Using in any manner, or disclosing to any person or entity, any of Imagize's Trade Secrets; and

      b.    Destroying or deleting any of Imagize's Trade Secrets so that Imagize can conduct adequate discovery as part of this action into the extent of

1   Defendants' liability for having wrongfully taken and used certain Imagize's Trade
2   Secrets;

3       2.    For a permanent injunction requiring Defendants and all persons and
4   entities acting under, in concert with, or for Defendants to:

5           a.    Permanently refrain from using in any manner, or disclosing to
6   any person or entity, any of Imagize's Trade Secrets; and

7           b.    Return to Imagize all copies and iterations in his possession,
8   custody, or control of any of Imagize's Trade Secrets, and to thereafter delete all
9   references to such information from any electronic storage or hardcopies in
10  Defendants' possession or control.

11      3.    For actual damages in an amount to be proven at trial;

12      4.    For punitive damages in an amount appropriate to punish Defendants
13  and deter others from engaging in similar misconduct;

14      5.    For reasonably attorneys' fees pursuant to section 3426.4 of the Civil
15  Code.

16  **On the Fourth Claim for Relief:**

17      1.    For actual damages in an amount to be proven at trial;

18      2.    For attorneys' fees and costs of suit recoverable pursuant to contract.

19  **On the Fifth Claim for Relief:**

20      1.    For actual damages in an amount to be proven at trial;

21      2.    For a preliminary injunction pending the outcome of this action and
22  thereafter a permanent injunction requiring Defendants and all persons and entities
23  acting under, in concert with, or for Defendants to refrain from using in any
24  manner, or disclosing to any person or entity, any of Imagize's Confidential
25  Information.

26  **On the Sixth Claim for Relief:**

27      1.    For actual damages in an amount to be proven at trial;

28  //

**On the Seventh Claim for Relief:**

1. For an adjudication of the rights and duties of the parties, and a judicial declaration that: Defendants infringed Imagize's copyright in the Product; Defendants misappropriated Imagize's Trade Secrets; Ateknea breached the PSA; and Aero Glass breached the NDA.

**On All Claims for Relief:**

1. For pre-judgment interest;
2. For costs of suit; and
3. For such other and further relief as the Court may deem proper.

Dated:   February 21, 2018            DONAHUE FITZGERALD LLP

By: */s/ William R. Hill*
William R. Hill
Attorneys for Plaintiff
IMAGIZE LLC

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and local rule 3-6, Plaintiff IMAGIZE LLC hereby demands trial by jury,

Dated:   February 21, 2018            DONAHUE FITZGERALD LLP

By: */s/ William R. Hill*
William R. Hill
Attorneys for Plaintiff
IMAGIZE LLC