UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAGIZE LLC,<br><br>Plaintiff,<br><br>v.<br><br>ATEKNEA SOLUTIONS HUNGARY KFT, et al.,<br><br>Defendants. | Case No. 18-cv-01098-RS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiff Imagize LLC ("Imagize") brings suit against Defendants Ateknea Solutions Hungary KFT ("Ateknea"), a Hungarian limited liability company, Aero Glass, Inc. ("Aero Glass"), a Delaware corporation, and Akos Maroy for copyright infringement and misappropriation of trade secrets, along with numerous claims based on contract. Maroy moves to dismiss Imagize's complaint for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. Additionally, Maroy and Aero Glass (collectively "Defendants") move to dismiss Imagize's copyright infringement claim for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained below, Maroy's motion under Rule 12(b)(5) is denied and Defendants' motion under Rule 12(b)(6) is granted.[1]

---

[1] The full facts of this case were set out in the prior order lifting default and need not be repeated here.

## II. LEGAL STANDARDS

### A. Service of Process

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal of an action for insufficient service of process. Fed. R. Civ. P. 12(b)(5). When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.2004).

### B. Failure to State a Claim

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.* at 679.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Id.* at 1242 (internal quotation marks omitted). When evaluating such a motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017). "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010).

**III. DISCUSSION**

**A. Service of Process**

Generally, a responsive pleading by a defendant that fails to dispute a defect in service or personal jurisdiction will waive any such defect. *See* Fed. R. Civ. P. 12(h)(1); *see also Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). The essence of Rule 12—embodied in the combined language of 12(g) and 12(h)—is that a party "who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses [personal jurisdiction, improper venue, insufficient process, or insufficient service of process] he then has and thus allow the court to do a reasonably complete job." Fed. R. Civ. P. 12 advisory committee's note, 1966 Amendment, subdivision (h). Thus, if a defendant raises *any* Rule 12 defenses in his first filing to the court, he is obliged to raise *all* of those specified in Rule 12(h). *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).

Here, Maroy wrote in his motion to set aside default, "[P]ersonal jurisdiction does not lie, at least as to Mr. Maroy." (*See* Dkt. 39 at 4:6-7.) Maroy, however, says nothing about objecting to service. In *Hayhurst*, the defendant's failure to raise a personal jurisdiction defense along with its service defense precluded the defendant from raising the personal jurisdiction defense. *See Hayhurst*, 227 F.3d at 1107. The defenses are different: an objection based on insufficiency of service of process is delineated under Rule 12(b)(5), while one based on "lack of jurisdiction over the person" is set forth under Rule 12(b)(2). *Id.* By that logic, Maroy's failure to raise an insufficiency of service defense alongside his personal jurisdiction defense precludes him from now contesting the sufficiency of service.

Maroy raises several objections to a formal reading of this rule. First, he argues that he raised the insufficiency of service in his communications with Imagize prior to litigation, thereby providing it with notice of the defense. Maroy cites no analogous case where notice to a plaintiff was enough to overcome Rule 12's requirements. Second, Maroy asserts that raising service as a potential issue in his Reply in support of his Motion to Set Aside Default was enough to preserve the defense. Rule 12 makes clear, however, that the defense must be raised in the first pleading or

motion, not a reply. Fed. R. Civ. P. Rule 12(h).

The Ninth Circuit construes Rules 12(g) and 12(h) strictly, observing that "[a] fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived." *See Boston Telecomms. Grp., Inc. v. Deloitte Touche Tohmatsu*, 249 F. App'x 534, 537 (9th Cir. 2007) (quoting *Hayhurst*, 227 F.3d at 1106). Maroy had the opportunity to raise insufficiency of service of process as a potential defense alongside his personal jurisdiction defense in his motion to set aside default. His failure to do so constitutes waiver of the defense, and accordingly his motion to dismiss for insufficient service of process is denied.

**B. Motion to Dismiss**

Under 17 U.S.C. § 411(a), "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." After Imagize filed its Complaint, the Supreme Court decided *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019). In that case, the Court held that registration occurs and a copyright claimant may commence an infringement suit when the Copyright Office registers a copyright. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886–87, (2019). This effectively abrogated the Ninth Circuit's ruling that receipt by the Copyright Office of a complete application satisfied the registration requirement. *See Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 621 (9th Cir. 2010).

The parties agree that Imagize did not allege its ownership of a valid copyright registration in the Complaint. Instead, Imagize pled it had submitted two applications for copyright registration at the time the complaint was filed. Imagize cites to Exhibits 4 and 5 of Tibor Kozek's Declaration (Dkt. 34-1), which provides the certificate of registration for the copyrights at issue. Exhibit 4 is a Certificate of Registration of Copyright No. VAu 1-333-300 with an Effective Date of Registration on February 2, 2018, while Exhibit 5 is a Certificate of Registration of Copyright No. TX 8-527-329, with an Effective Date of Registration on January 17, 2018. (*Id.*) Imagize contends that each registration's effective date satisfies the requirements of section 411.

The Effective Date of Registration, however, refers to the date on which the U.S. Copyright Office received the required elements for registration, rather than the date the Copyright Office completed processing and approval of the application. *See Fourth Estate*, 133 S. Ct. at 889. Therefore, in light of *Fourth Estate*, Imagize's claim for copyright infringement is defective as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, Maroy's motion to dismiss for insufficient process is denied, and Defendants' motion to dismiss Imagize's copyright claim for failure to state a claim is granted with leave to amend. In the event that Imagize elects to file an amended complaint, it must do so within 21 days of the date of this order.

**IT IS SO ORDERED**.

Dated: July 12, 2019

_____
RICHARD SEEBORG
United States District Judge