UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAGIZE LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ATEKNEA SOLUTIONS HUNGARY KFT, et al.,<br><br>    Defendants. | Case No. 18-cv-01098-RS<br><br>**ORDER TO SHOW CAUSE** |

In November 2019, counsel for defendants Aero Glass and Akos Maroy were allowed to withdraw after participating in substantial motion practice on their clients' behalf. These defendants were given until January 30, 2020 to find alternate counsel, or in the case of Maroy, to appear *pro se*. No such appearances have been entered. Moreover, this is not the first time these two defendants have been sluggish in their participation in this litigation. *See* Entry of Default as to defendants Aero Glass, Inc. and Akos Maroy on May 2, 2018, Dkt. No. 19. Both defendants likewise missed the March 26, 2020 deadline to file a case management statement for the upcoming case management conference.

Furthermore, more than 90 days have elapsed since Aero Glass and Maroy filed their Amended Answer and Counterclaim, which identified Imagize CEO Tibor Kozek and Kozek's business associate, Barnabas Gero, as counter-defendants. It appears neither Kozek nor Gero has been served. Federal Rule of Civil Procedure 4(m) states, in relevant part: "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that

service be made within a specified time."

Accordingly, Aero Glass and Maroy are ordered to show cause why default should not again be entered against them for failure to participate in the lawsuit and heed court orders. They are also ordered to show cause why Kozek and Gero should not be dismissed as counter-defendants pursuant to Rule 4(m). Lastly, Aero Glass and Maroy must also show cause why their counterclaims should not be dismissed for failure to prosecute. Aero Glass and Maroy may respond separately (in briefs of no more than 5 pages each) or jointly (in a brief not exceeding 10 pages), addressing all these issues. Responses are due within 21 days of the date of this order. Failure to respond could result in terminating sanctions on their pending counterclaims and a renewed entry of default.

The further case management conference, currently set for April 2, 2020, is hereby continued to June 4, 2020 at 11:00 am. All parties shall appear telephonically and must contact Court Call at (866) 582-6878 at least one week prior to the Conference to arrange their participation. All parties must also file a case management statement at least one week in advance.

**IT IS SO ORDERED**.

Dated: March 27, 2020

RICHARD SEEBORG
United States District Judge